UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-02916-JWH-MAR | Date: May 20, 2024 |
| Title: | *Ravon Jones v. Charles Schuyler* | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE RE: WHY THIS ACTION SHOULD NOT BE DISMISSED**

**I.
INTRODUCTION**

On March 24, 2024, Petitioner Ravon Jones ("Petitioner"), proceeding pro se, constructively filed[1] the instant Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28. U.S.C. § 2254 ("Petition"). ECF Docket No. ("Dkt.") 1 at 10. The Court has screened the Petition pursuant to Habeas Rule 4. This preliminary review revealed defects in the Petition that warrant dismissal. Accordingly, Petitioner is **ORDERED** to show cause why the Petition should not be dismissed.

**II.
BACKGROUND**

Petitioner challenges his 2019 conviction in Los Angeles County Superior Court for two counts of second-degree robbery (Cal. Pen. Code § 211). Pet. at 2. Petitioner indicates that he appealed his conviction, but does not indicate the date the appeal was decided. Id. at 3. Petitioner did not file a petition for review with the California Supreme Court. Id. Petitioner also indicates that he filed a habeas petition in superior court on May 24, 2023, but does not indicate the grounds raised or the date the petition was decided. Id. The instant Petition contains a single claim: that Cal. Pen. Code § 211 can no longer be lawfully considered a "violent felony," and thus Petitioner is entitled to resentencing. Id. at 5–7.

Attached to the Petition are orders from the California Court of Appeal and California Supreme Court, dated July 31, 2023 and January 31, 2024, respectively, which appear to deny the claim raised in this Petition. Id. at 15–16.
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-02916-JWH-MAR                                                               Date:  May 20, 2024

Title:   *Ravon Jones v. Charles Schuyler*

**III.
DISCUSSION**

**A.   THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM**

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of state law.  Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Here, Petitioner's claim appears to relate solely to a state law sentencing issue.  The Petition does not appear to bring any constitutional claims; in fact the Petition does not even cite any constitutional amendments.  Ultimately, Petitioner's claim is unclear and the Court cannot discern whether it is cognizable on federal habeas review.

**B.   THE PETITION APPEARS UNTIMELY**

**1.   The Petition was filed after AEDPA's one-year limitations period**

**a.   Applicable law**

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court."  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

**b.   Analysis**

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Based on the limited information provided in the Petition, it appears that Petitioner's conviction likely became final sometime in 2019 or 2020 at the latest.  See Petition; see also Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period would therefore have expired sometime in 2020 or 2021.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on March 24, 2024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:24-cv-02916-JWH-MAR                                                            Date:  May 20, 2024

Title:  *Ravon Jones v. Charles Schuyler*

Pet. at 7.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely by sixteen years under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.

    **2.**    **Petitioner is not entitled to a later trigger date**

        **a.**    **Applicable law**

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

        **b.**    **Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

    **3.**    **Statutory tolling does not render the Petition timely**

        **a.**    **Applicable law**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-02916-JWH-MAR | Date:  May 20, 2024 |
| Title: | _Ravon Jones v. Charles Schuyler_ | |

respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

### b.  Analysis

Here, AEDPA's one-year statute of limitations expired sometime in 2020 or 2021, approximately two years before Petitioner filed his first habeas petition in state court.  See 28 U.S.C. § 2244(d)(1); Pet. at 15.  The limitations period can not be tolled by a state petition filed after the period had already expired, and thus statutory tolling does not render the Petition timely.  See Ferguson, 321 F.3d at 823.

### 4.  Equitable tolling does not render the Petition timely

### a.  Applicable law

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

### b.  Analysis

Here, Petitioner does not explicitly claim entitlement to equitable tolling and the Court has not found any obvious basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.  Accordingly, to the extent Petitioner intended to file a federal habeas petition, it appears untimely.

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than June 19, 2024,** by electing one of the following options:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:24-cv-02916-JWH-MAR                                                   Date:  May 20, 2024

Title:   *Ravon Jones v. Charles Schuyler*

1. File a supplemental statement addressing why the Petition should not be dismissed; or

2. Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

In addition, given the lack of clarity in the Petition, Petitioner may wish to file an amended petition with more detail about his claims.  **The Clerk is instructed to mail Petitioner a copy of the habeas petition form along with this order, which Petitioner is encouraged to use**.  If Petitioner **fails to respond by June 19, 2024**, the Court may recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | CC |